# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUZANNE BLAKE and CATHERINE SCALF,<br><br>               Plaintiffs,<br><br>       v.<br><br>CLASSIC ALASKA TRADING/BIG RAY'S ALASKA, INC.,<br><br>               Defendant. | **Case No. 4:16-cv-00005-SLG**<br><br>Case No. 4:16-cv-00014-SLG<br>  (consolidated) |

## ORDER CERTIFYING QUESTION TO THE ALASKA SUPREME COURT

Pursuant to the request of the defendant in this case, the Court has considered whether to exercise its discretion to certify a question of Alaska state law to the Alaska Supreme Court under Alaska Appellate Rule 407(a). Under this Rule, the Court may certify to the Alaska Supreme Court a question of state law "which may be determinative of the cause then pending in [this Court] and as to which it appears to [the Court] there is no controlling precedent in the decisions of the supreme court of this state."[1] "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court."[2]

As explained herein, the Court concludes that the standard for certification is satisfied here with respect to the question of what is the proper burden of proof that

---

[1] Alaska R. App. P. 407(a).

[2] *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003).

applies to establishing an exemption from overtime under the Alaska Wage and Hour Act, AS 23.10.50–150.

## BACKGROUND

Catherine Scalf is a former employee of Classic Alaska Trading/Big Ray's, Inc. who filed a claim against the company for violations of federal and state labor laws related to her time working at the company's Big Ray's stores in Fairbanks, Alaska.[3] She contends she was not paid overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Alaska Wage and Hour Act, AS 23.10.50–150 ("AWHA"). The Court recently denied the parties' cross motions for summary judgment as to Catherine Scalf's claims. Trial in Ms. Scalf's case has not yet been scheduled. Ms. Scalf's claims against Classic turn on whether Ms. Scalf is considered a non-exempt employee who is entitled to overtime wages, or an exempt employee to whom Classic was not obligated to pay overtime under either the FLSA or the AWHA.

The FLSA requires that employers pay overtime wages to employees who work more than 40 hours per week.[4] However, "[e]mployees who are employed in executive, administrative, or professional capacities are exempt from that overtime requirement."[5] Regulations define whether an employee is "employed in a bona fide executive, administrative, or professional capacity" so as to be exempt under 29 U.S.C. § 213(a)(1).

---

[3] *See* 4:16-cv-00014-SLG, Docket 1 (Scalf Compl.). Ms. Scalf's Complaint was filed on April 6, 2016. Ms. Scalf's case was consolidated Suzanne Blake's case against Classic on December 5, 2017. Docket 51 (Order Granting Motion to Consolidate). The Court granted summary judgment to Classic as to Ms. Blake's overtime claim by separate order issued on August 27, 2018.

[4] 29 U.S.C. § 207(a)(1).

[5] *Klem v. Cty. of Santa Clara, California*, 208 F.3d 1085, 1089 (9th Cir. 2000) (citing 29 U.S.C. § 213(a)(1)).

Case No. 4:16-cv-00005-SLG, *Blake, et al. v. Classic Alaska Trading/Big Ray's Alaska, Inc.*
Order Re Motion to Certify
Page 2 of 6
Case 4:16-cv-00005-SLG   Document 141   Filed 08/27/18   Page 2 of 6

The AWHA, like the FLSA, requires employers to pay overtime wages, equal to one and one-half times the regular rate, to employees who work more than 40 hours per week.[6] Like the FLSA, the AWHA recognizes exemptions to the overtime requirement for individuals employed "in a bona fide executive, administrative, or professional capacity."[7] Furthermore, the AWHA adopts the federal definitions for the exemptions.[8] Accordingly, the Alaska Supreme Court has held that when determining whether an employee is exempt under the AWHA, "trial courts should . . . . apply the 'primary duty test' of [DOL regulations]."[9]

In determining exemptions under the FLSA, courts in the Ninth Circuit apply a preponderance of the evidence standard.[10] However, the standard of proof that the Alaska Supreme Court would apply to exemption claims under the AWHA is not entirely clear at this time. Therefore, this Court respectfully requests that the Alaska Supreme

---

[6] *See* AS 23.10.060.

[7] AS 23.10.055(a)(9).

[8] AS 23.10.055(c)(2) ("In (a)(9) of this section, 'bona fide executive, administrative, or professional capacity' has the meaning and shall be interpreted in accordance with 29 U.S.C. 201–209 (Fair Labor Standards Act of 1938), as amended, or the regulations adopted under those sections."); *see Moody v. Royal Wolf Lodge*, 339 P.3d 636, 639 & n.15 (Alaska 2014).

[9] *Moody v. Royal Wolf Lodge*, 339 P.3d 636, 641 (Alaska 2014). While *Moody* involved the professional exemption, rather than the executive or administrative, the Court's recognition that Alaska now "relies on" federal law for interpreting the AWHA makes clear that the Court would have applied the relevant federal regulations to claims relating to the executive or administrative exemptions. *See id.* at 639 & n.15, 641.

[10] *See Resurrection Bay Auto Parts, Inc. v. Alder*, 338 P.3d 305, 308 n. 14 (Alaska 2014) (noting that most circuits, including the Ninth Circuit, have adopted a preponderance of the evidence standard (citing, e.g., Dickenson v. United States, 353 F.2d 389, 392 (9th Cir. 1965))); *see also Duff-Brown v. City & Cty. of San Francisco*, 2013 WL 163530, at *4 (N.D. Cal. Jan. 15, 2013) ("The Court agrees that the burden of proof at trial in this case is the preponderance standard applicable in federal civil cases generally." (citing *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007))).

Case No. 4:16-cv-00005-SLG, *Blake, et al. v. Classic Alaska Trading/Big Ray's Alaska, Inc.*
Order Re Motion to Certify
Page 3 of 6
Case 4:16-cv-00005-SLG   Document 141   Filed 08/27/18   Page 3 of 6

Court address the applicable standard of proof for an exemption to apply under the AWHA.

In 1993, the Alaska Supreme Court in *Dayhoff v. Temsco Helicopters, Inc.* adopted a "beyond a reasonable doubt" standard for establishing an exemption under Alaska law.[11] Specifically, the Court held, "If there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee should be ruled non-exempt."[12] Again in 2004, the Court held in *Fred Meyer of Alaska, Inc. v. Bailey* that "[t]he burden is on the employer to prove beyond a reasonable doubt that the employee is exempt."[13]

Shortly thereafter, in 2005, the Alaska Legislature amended the AWHA to mirror the FLSA and its accompanying regulations with regard to the exemptions for executive, administrative, and professional employees.[14] The Alaska Supreme Court subsequently appeared to question whether exemptions under the AWHA should continue to require proof beyond a reasonable doubt. In *Resurrection Bay Auto Parts, Inc. v. Alder*, the Court stated:

> We have held [] that employers are required to prove AWHA exemptions beyond a reasonable doubt. Although the burden-of-proof issue is not raised on appeal, we note that other than the Fourth, the circuits that have

---

[11] 848 P.2d 1367, 1372 (Alaska 1993).

[12] *Dayhoff v. Temsco Helicopters, Inc.*, 848 P.2d 1367, 1372 (Alaska 1993) (quoting *Adam v. United States*, 26 Cl. Ct. 782, 786 (1992)). At the time *Dayhoff* was decided, many federal courts, including the Ninth Circuit, were applying a preponderance of the evidence standard. *See Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562 (11th Cir. 1991); *Dickenson v. United States*, 353 F.2d 389, 392 (9th Cir. 1965).

[13] 100 P.3d 881, 884 (Alaska 2004) (citing *Dayhoff*, 848 P.2d at 1371–72).

[14] *See* AS 23.10.055(c)(2) ("In (a)(9) of this section, 'bona fide executive, administrative, or professional capacity' has the meaning and shall be interpreted in accordance with 29 U.S.C. 201–209 (Fair Labor Standards Act of 1938), as amended, or the regulations adopted under those sections.").

Case No. 4:16-cv-00005-SLG, *Blake, et al. v. Classic Alaska Trading/Big Ray's Alaska, Inc.*
Order Re Motion to Certify
Page 4 of 6
Case 4:16-cv-00005-SLG   Document 141   Filed 08/27/18   Page 4 of 6

> explicitly adopted a standard of proof for the applicability of FLSA exemptions require proof by a preponderance of the evidence.[15]

The Court also held:

> [a] federal statute, the Fair Labor Standards Act (FLSA), applies concurrently and requires overtime pay under circumstances identical to those identified in the AWHA. The terms used in the AWHA, if not defined in Alaska law, carry the definitions used in the FLSA.[16]

In light of the foregoing, it is unclear that if the Alaska Supreme Court were presented with the issue, it would overrule *Dayhoff* and apply the preponderance of the evidence standard to AWHA exemption determinations.

Because the Alaska Supreme Court's beyond a reasonable doubt standard as articulated in *Dayhoff* and *Fred Meyer* has not been expressly overruled by the state's highest court, it is not accurate to say that "no controlling precedent" governs the question of the applicable standard, as Rule 407(a) requires.[17] However, the possible shift in the law prompts this Court to seek certification from the Alaska Supreme Court, as clarification of the standard of proof would assist this Court in accurately instructing the jury on the requirements of Alaska law.[18] Accordingly, this Court respectfully requests the Alaska Supreme Court to answer the certified question presented.

---

[15] 338 P.3d 305, 308 n.14 (Alaska 2014) (internal quotation marks and citations omitted).

[16] *Resurrection Bay*, 338 P.3d at 308 (internal citations omitted).

[17] This Court intends to apply the beyond a reasonable doubt standard to the AWHA exemptions if the Alaska Supreme Court declines certification.

[18] *See Am. Equity Ins. Co. v. Steelman*, 2005 WL 1283661, at *10 (D. Alaska May 26, 2005) (denying motion for certification where "the necessary Alaska law is clear and predictable enough without further elucidation from the state's highest court"); *Smith v. Ingersoll-Rand Co.*, 14 P.3d 990, 993 (Alaska 2000) (finding "no controlling precedent," sufficient to grant certification, where prior Alaska Supreme Court precedent indicated possible shift in the law); *Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1404 (9th Cir. 1990) (finding "no controlling precedent" where "[t]he Court has indicated that awarding prejudgment interest is generally desirable as a matter of public policy. . . . [but] the Court has never specifically held

Case No. 4:16-cv-00005-SLG, *Blake, et al. v. Classic Alaska Trading/Big Ray's Alaska, Inc.*
Order Re Motion to Certify
Page 5 of 6
Case 4:16-cv-00005-SLG   Document 141   Filed 08/27/18   Page 5 of 6

## CERTIFIED QUESTION

Pursuant to Alaska Rule of Appellate Procedure 407(a), the United States District Court for the District of Alaska respectfully requests the Alaska Supreme Court to answer the following certified question of Alaska law:

> What burden of proof applies to the determination of whether an employee is exempt from the overtime requirements of the Alaska Wage and Hour Act (AWHA) as an executive or administrative employee?

The Alaska Supreme Court's answer to this question may be determinative of Catherine Scalf's AWHA claim in this case. The Alaska Supreme Court may, in its discretion, answer this question in any form that it chooses.

## CONCLUSION

The parties shall notify this Court whether the Alaska Supreme Court accepts the certified question in a joint report to be filed within 7 days of the Alaska Supreme Court's decision.

The Clerk of Court shall provide a signed copy of this order under the official seal of the United States District Court for the District of Alaska. The Clerk of Court shall also provide a copy of the record in this case, in whole or in part, to the Alaska Supreme Court upon request.

DATED this 27th day of August, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

the awarding of prejudgment interest is of such fundamental importance to Alaska to justify overriding an otherwise valid choice of law provision"); *see also Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, 2016 WL 9000438, at *5 (D. Alaska Sept. 29, 2016) (citing *Black v. Colaska*, 2008 WL 4681567, at *4 n.1 (W.D. Wash. Oct. 20, 2008), for proposition that the "applicable standard of proof for AWHA claim[s] is an unsettled question of law).

Case No. 4:16-cv-00005-SLG, *Blake, et al. v. Classic Alaska Trading/Big Ray's Alaska, Inc.*
Order Re Motion to Certify
Page 6 of 6

Case 4:16-cv-00005-SLG   Document 141   Filed 08/27/18   Page 6 of 6